# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ILLYA ERWIN,
        Appellant,

      v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
SF-1221-15-0418-W-1

DATE: September 7, 2016

Charles H. Brower, Esquire, and Michael Healy, Esquire, Honolulu, Hawaii, for the appellant.

Dawn Dobbs and Steven J. Shim, Schofield Barracks, Hawaii, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member
Chairman Grundmann issues a separate opinion.

### ORDER

¶1      The appellant has filed a petition for review, and the agency has filed a cross petition for review of the initial decision, which denied the appellant's request for corrective action under 5 U.S.C. § 1221. The two Board members cannot agree on the disposition of the petition for review. Therefore, the initial decision now becomes the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1200.3(b) (5 C.F.R. § 1200.3(b)). This decision shall not be considered as precedent by the Board in any other case. 5 C.F.R. § 1200.3(d).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of the final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. See 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. See 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's

website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.

<u>SEPARATE OPINION OF CHAIRMAN SUSAN TSUI GRUNDMANN</u>

in

*Illya Erwin v. Department of the Army*

MSPB Docket No. SF-1221-15-0418-W-1

¶1      For the reasons discussed below, I would grant the appellant's petition for review of the initial decision in this appeal and grant his request for corrective action under 5 U.S.C. § 1221.

¶2      I agree with the administrative judge's finding that the appellant made protected disclosures when he informed a fellow nurse and a superior that he was improperly assigned charge nurse duties when he had not been properly oriented as a charge nurse, because the appellant reasonably, albeit incorrectly, believed that his floating and charge nurse assignments were in violation of the Hawaii Nursing Practice Act.  I also believe that the appellant's disclosure in an October 27, 2013 email to the responsible agency officials concerning allegedly improper treatment of a patient on October 26 was protected as a disclosure of a substantial and specific danger to public health or safety.  Moreover, the appellant established that these disclosures were a contributing factor in his probationary termination.

¶3      I believe, however, that the agency did not prove by clear and convincing evidence that it would have terminated the appellant in the absence of his protected disclosures.  In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider the following factors: the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir.

1999). Our reviewing court has clarified that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

¶4    I agree with the administrative judge that the third *Carr* factor is neutral in this case. I also agree with his finding that the responsible agency officials had only a moderate retaliatory motive with respect to the appellant's disclosures concerning floating and charge nurse assignments. However, I believe that these officials may have had a significant retaliatory motive with respect to the appellant concerning his disclosure of substandard care of an Intensive Care Unit patient on October 26, 2013. Although neither official was directly implicated in the disclosure, it nonetheless reflected on both officials in their capacity as employees and managers. *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 33 (2013). Thus, the second *Carr* factor weighs to some degree in the appellant's favor.

¶5    In evaluating the first *Carr* factor, i.e., the strength of the reasons in support of the agency's action, the administrative judge found that disciplinary action was warranted based on the appellant's failure to comply with Composite Health Care Systems (CHCS) access requirements and his failure to report for duty while on a scheduled on-call status. However, although the responsible officials cited these issues in their *request* for disciplinary action, Initial Appeal File, Tab 5 at 20‑26, the agency did not choose to *take* the action on those grounds. Instead, the termination letter that was ultimately prepared by the Civilian Personnel Advisory Center and signed by one of the responsible officials explicitly states that the basis for the action was the appellant's alleged "lack of candor" in his September 17, 2013 statement concerning his lack of CHCS access. Accordingly, in considering the first *Carr* factor, it is appropriate to

consider the strength of the evidence in support of the stated basis for the agency's action, i.e., the lack of candor charge.

¶6    To prove lack of candor, the agency must establish the following elements: (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). Here, the agency has provided no evidence whatsoever that the appellant knowingly gave incorrect or incomplete information when he stated that he did not have access to CHCS. The appellant's statement was not a misrepresentation, as it is undisputed that the appellant did not in fact have access to CHCS at that time. Nor has the agency identified any additional information he may have improperly withheld. The stated basis of the agency's action is thus entirely without merit.

¶7    Without evidence to support its action, the agency cannot meet its burden of showing by clear and convincing evidence that it would have taken the action in the absence of the appellant's protected disclosures. *See Armstrong v. Department of Justice*, 107 M.S.P.R. 375, ¶ 32 n.10 (2007). Accordingly, I would find that the appellant is therefore entitled to corrective action under 5 U.S.C. § 1221(e).


_____
Susan Tsui Grundmann
Chairman